Bonilla-Inga v. Barr

BIA
Loprest, IJ
A206 685 668

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

RICHARD FERNANDO BONILLA-INGA,
> *Petitioner*,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

17-1984
NAC

_____

FOR PETITIONER: Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Corey L. Farrell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Richard Fernando Bonilla-Inga, a native and citizen of Ecuador, seeks review of a May 25, 2017, decision of the BIA affirming an October 11, 2016, decision of an Immigration Judge ("IJ") denying Bonilla-Inga's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Richard Fernando Bonilla-Inga,* No. A 206 685 668 (B.I.A. May 25, 2017), *aff'g* No. A 206 685 668 (Immig. Ct. N.Y. City Oct. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, our review is limited to the IJ's and BIA's decision to the extent they deny relief on credibility grounds. *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n.4 (2d Cir. 2005). We review the adverse credibility determination under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The governing REAL ID Act credibility standard provides as

2

follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency reasonably relied on inconsistencies between Bonilla-Inga's written statement, border interview, and testimony, as well as his demeanor and lack of reliable corroborating evidence, which, considered together, provide substantial evidence for the adverse credibility determination.

First, the IJ reasonably relied on Bonilla-Inga's written statement and testimony, which provided "dramatically different" accounts of his alleged persecution. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (concluding that "dramatically different" accounts of alleged persecution was substantial evidence for adverse credibility determination).

3

Bonilla-Inga's written statement described a December 2013 threat and a January 2014 beating that he reported to the police. In contrast, he testified that he was beaten during both incidents and that he reported the first, not the second beating to the police. The IJ was not required to credit Bonilla-Inga's explanation that he omitted information because he was detained and nervous, as he was not detained when he prepared the written statement with the assistance of counsel. *Id.* ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

Second, the record of Bonilla-Inga's interview with a Border Patrol Agent was inconsistent with his testimony and asylum application. Bonilla-Inga stated during his border interview that he came to the United States to work and did not fear harm in Ecuador. Although "[w]e exercise caution" in relying on such interviews, *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005), the agency did not err because there are sufficient indicia of reliability, *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009). The record was a

4

typed, verbatim list of the questions and responses, which included a question as to whether Bonilla-Inga feared harm or persecution. S*ee Yun-Zui Guan*, 432 F.3d at 396. Moreover, Bonilla-Inga's responses reflect that he understood the questions. And his current allegation that he did not sign the interview record because of his concerns for its accuracy is belied by his testimony that he refused to sign because he feared that he would be deported immediately if he did.

Third, the adverse credibility determination is further bolstered by the IJ's demeanor finding, to which we defer. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The record supports the IJ's finding that Bonilla-Inga's voice dropped considerably in volume at several points during his testimony. Finally, Bonilla-Inga's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). The only country conditions evidence described his alleged persecutor as a group of relatives of inmates who had reported

5

abuses by prison guards.  And the agency was not required to credit affidavits from Bonilla-Inga's friends and family members as the affidavits lacked detail and the authors were not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that the weight of evidence is generally in agency's discretion and deferring to agency's decision to give limited weight to letter from applicant's spouse in China).

Given the inconsistencies between Bonilla-Inga's written statement, border interview, and testimony, as well as the demeanor finding, and the lack of any reliable corroboration, the totality of the circumstances supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 167.  Because Bonilla-Inga's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6